## STATE of Iowa, Appellee,

### v.

## David S. FRAZER, Appellant.

### No. 85–1872.

Supreme Court of Iowa.

March 18, 1987.

David S. Frazer, pro se.

Thomas J. Miller, Atty. Gen., David L. Dorff, Asst. Atty. Gen., Kenneth Martens, Co. Atty., and Fred Stiefel, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, WOLLE, LAVORATO, and NEUMAN, JJ.

WOLLE, Justice.

Simple misdemeanors in Iowa fall into two categories, scheduled and nonscheduled violations. For scheduled violations the penalty prescribed by statute is a dollar fine in a fixed amount. *See* Iowa Code §§ 805.8, .11, 911.2 (1985). We here must decide whether a deferred judgment, provided for in Iowa Code section 907.3, was an option available in the sentencing of

defendant David S. Frazer who was found guilty of the simple misdemeanor of speeding, a scheduled violation. The district court upheld the magistrate's determination that a deferred judgment was not a sentencing alternative authorized by the statutes governing scheduled violations. We agree and affirm the refusal to consider defendant's request for a deferred judgment.

A jury found defendant guilty of driving sixty-eight miles per hour in a fifty-five miles per hour zone, a violation of Iowa Code section 321.285. The presiding magistrate entered judgment against him, denied his request for a deferred judgment, and sentenced him to pay a fine of $30.00, plus court costs. The district court affirmed that judgment and sentence, and Frazer filed this appeal from the district court's decision.

Frazer contends that the magistrate abused its sentencing discretion in refusing to consider and grant his request for a deferred judgment. He also protests the magistrate's failure to state on the record the reasons for requiring payment of the scheduled fine rather than granting a deferred judgment. The State contends we do not have jurisdiction to decide this case, then argues in the alternative that the district court was correct in holding that the magistrate was without authority to grant Frazer a deferred judgment.

■ I. The State challenges our jurisdiction to consider this case, contending that a defendant convicted of a simple misdemeanor has a right of appeal to a district court judge (Iowa R.Crim.P. 54(1)–(4)) but only the right to apply to this court for discretionary review. The State is correct; our court has the authority either to grant or to deny discretionary review in simple misdemeanor cases. *See* Iowa Code § 814.-6(1)(a) (defendant granted right of appeal from "final judgment of sentence, except in cases of simple misdemeanor"); § 814.-6(2)(d) ("Discretionary review may be available in ... [s]imple misdemeanor and ordinance violation convictions."); Iowa R.Crim.P. 54(7). In this case, however, we exercise our discretion to grant review, thereby invoking appellate jurisdiction to decide the issue of statutory interpretation defendant has raised.

■ II. Iowa statutes provide the punishments deemed appropriate for persons who have committed criminal offenses, as well as the options a sentencing court is to consider in either imposing a judgment of conviction and sentence, or in deferring judgment or sentence. *See State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979). In this case defendant committed a simple misdemeanor, speeding, for which Iowa Code section 805.8(2)(g) specified the scheduled fine. The question we must answer is whether the legislature intended that scheduled fine to be a uniform, exclusive punishment, thereby eliminating defendant as a candidate for a deferred judgment.

The State relies on certain explicit language within Iowa Code chapters 805 and 903 to support the magistrate's determination that it had no authority to defer entry of judgment and sentence. Iowa Code section 805.11 provides in pertinent part:

> If the defendant is convicted of a scheduled violation, the penalty *is* the scheduled fine, without suspension of the fine prescribed in section 805.8....

(Emphasis added.) Section 805.8(2)(g) set the fine of $30 for the speeding offense defendant committed.

Language of Iowa Code section 903.1(1) buttresses the State's position. Iowa Code chapter 903 provides generally for the discretion a sentencing court must exercise and the options available to it in imposing a sentence for persons convicted of various misdemeanors. Section 903.1(1), however, excepts scheduled violations from the grant of discretion:

> "[w]hen a person is convicted of a simple or serious misdemeanor *and a specific penalty is not provided for,* the court shall determine the sentence...."

(Emphasis added.) Read together, these statutes plainly direct the sentencing court to impose by judgment nothing more nor less than the scheduled fine, the one and

only punishment specifically provided by statute.

Defendant asks us to look beyond these statutes that refer directly to scheduled offenses, urging us to find authority for deferring judgment within the general language of statutes governing deferred judgments and sentences. Iowa Code section 901.5, entitled "Pronouncing judgment and sentence," provides that the court must consider deferring the judgment or sentence when that is authorized by section 907.3. Section 907.3 describes generally the circumstances under which the trial court, with the consent of the defendant, "may defer judgment and place the defendant on probation upon such conditions as it may require, or defer sentence and assign the defendant to the judicial district department of correctional services." Section 907.3 is couched in language that first makes it generally applicable to all crimes, then lists a number of specific exceptions including forcible felonies. *See* Iowa Code § 907.3(1)(a)–(d). Defendant argues that deferred judgments and sentences must be available in all simple misdemeanor cases because the statutes describing when deferred judgments may be granted do not specifically exclude scheduled-fine misdemeanors.

In deciding this question of statutory interpretation we are guided by "the polestar of all statutory construction—the search for the true intention of the legislature." *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d 437, 439 (Iowa 1974). Among the interpretive rules which help us determine legislative intent are two that are particularly helpful in this instance.

 We should look to the object to be accomplished by the several statutes being interpreted and the evils and mischiefs sought to be remedied, adopting the interpretation that will best effectuate the legislative purpose. *Id.* at 440; *State v. Johnson,* 216 N.W.2d 335, 337 (Iowa 1974); Iowa Code § 4.6(1), (5). Analysis of policy factors favors the State in this case. The paramount purpose of a statutory schedule of fines for the misdemeanors listed in section 805.8 was certainly to make uniform and simplified the punishment regardless of the circumstances of the offender. The legislature plainly stated that purpose with the simple phrase, found in section 805.11, "the penalty is the scheduled fine, without suspension of the fine. . . ." Conversely, scheduled violations seem not to be the type of criminal offenses for which deferred judgments and sentences were designed. The theory of the deferred judgment is that the offender will successfully complete a period of probation, will then be discharged without entry of judgment, and will thereby avoid "the stigma which would otherwise result from his conviction." J. Yeager and R. Carlson, *Iowa Practice— Criminal Law and Procedure* § 1724 (1979 ed.); *see State v. Farmer,* 234 N.W.2d 89, 92 (Iowa 1975) ("The manifest purpose of the deferred sentence procedure is to permit a defendant to avoid . . . a judicial record of the criminal charge. . . ."). We doubt that the legislature believed such a stigma would be created by judgment entries disclosing fines for scheduled offenses, such as the judgment fining this defendant $30 for operating a vehicle thirteen miles per hour over the speed limit.

A second rule of construction favoring the State is found in Iowa Code section 4.7:

If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.

*See State v. Farley,* 351 N.W.2d 537, 538 (Iowa 1984). The statutes cited by defendant provide generally for deferred judgments and deferred sentences, and then identify exceptions. The statutes relied on by the State, in contrast, precisely pinpoint the fine deemed by the legislature appropriate for scheduled offenses. The special scheduled-fine provisions prevail over the more general deferred judgment provisions.

Defendant also cites several cases· in which we have held that a deferred judgment would be a sentencing option even though statutes providing appropriate punishment did somewhat restrict the sentencing court's discretion. *See State v. Washington,* 356 N.W.2d 192, 197 (Iowa 1984) (defendant convicted of second-degree theft and found to be habitual offender entitled to have sentencing court consider deferred judgment); *Hildebrand,* 280 N.W.2d at 397 (deferred judgment a sentencing option for first-offense OMVUI even though statute provided for imprisonment of "not less than two days"); *State v. Robbins,* 257 N.W.2d 63, 69 (Iowa 1977) (deferred judgment a sentencing option for violation of Iowa Code § 321.561 (1975) which "makes no exception as to a granting of probation or the suspension of sentence"). Those cases, however, did not involve scheduled violations for which uniform, mandatory penalties were intended by the legislature. The criminal statutes being construed in those cases disclosed a legislative intent to give the sentencing judge discretion in determining whether a deferred judgment should be entered. We are satisfied that the legislature intended the sentencing court to have no discretion to punish other than by fine the commission of scheduled misdemeanor offenses.

The magistrate did not err in refusing defendant's request for a deferred judgment or sentence, and the district court correctly affirmed the judgment imposing on defendant the scheduled $30 fine.

AFFIRMED.