**STATE of Iowa, Appellee,**

v.

**James DANIEL, Appellant.**

**No. 97–909.**

Supreme Court of Iowa.

Feb. 18, 1998.

Mark B. Anderson, Cresco, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and Richard P. TeKippe, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

The defendant, James Daniel, appeals from the sentence the district court imposed upon his plea of guilty to simple possession of a controlled substance (marijuana). *See* Iowa Code § 124.401(3) (1995) (now codified at Iowa Code § 124.401(5) (1997)). He challenges the revocation of his driver's license as part of the sentence imposed. *See id.* § 901.5(10) (1997). We affirm.

The facts are undisputed. Daniel pleaded guilty to possession of marijuana in violation of Iowa Code section 124.401(3), a serious misdemeanor. Pursuant to section 124.401(5) (1997) and section 903.1, the district court imposed a fine of $250 plus a surcharge. Pursuant to Iowa Code section 901.5(10), the court also revoked Daniel's driver's license for 180 days.

Daniel appeals only the revocation part of his sentence.

Iowa Code section 901.5(10) provides in relevant part:

> *In addition to any sentence imposed pursuant to chapter 902 [general sentencing chapter for felonies] or 903 [general sentencing chapter for misdemeanors],* the court shall order the state department of transportation to revoke the defendant's driver's license ... for a period of one hundred eighty days ... if the defendant is being sentenced for any of the following offenses:
>
> *a.* A controlled substance offense under section 124.401 ....

(Emphasis added.)

■ Iowa Code section 903.1 is the general sentencing provision for misdemeanor violations. For a serious misdemeanor, this provision provides in relevant part:

> If a person eighteen years of age or older is convicted of a ... serious misdemeanor *and a specific penalty is not provided for* ... the court shall determine the sentence, and shall fix the period of confinement or the amount of the fine, which fine shall not be suspended by the court, within the following limits:
>
> . . . .
>
> *b.* For a serious misdemeanor, there shall be a fine of at least two hundred fifty dollars but not to exceed one thousand five hundred dollars. In addition, the court may also order imprisonment not to exceed one year.

*Id.* § 903.1(1) (emphasis added). As the italicized language makes clear, the district court may not use the penalty provisions provided in section 903.1(1) if a specific penalty is provided in another statute. Iowa Code section 124.401(5), under which Daniel was convicted, has its own penalty provisions. *See id.* § 124.401(5) (imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment).

■ The gist of Daniel's contention is that section 901.5(10) does not apply to him because he was not to be sentenced "pursuant to chapter 902 or 903." Rather, he says, he was to be sentenced pursuant to the special sentencing provisions of section 124.401(5), which contain no driver's license revocation penalty. Thus, Daniel concludes, the district court revoked his license illegally because it had no statutory authority to do so.

Daniel's contentions raise an issue of statutory interpretation, a legal issue. Our review is therefore for correction of errors of law. Iowa R.App. P. 4; *State v. Ahitow,* 544 N.W.2d 270, 272 (Iowa 1996).

As mentioned, section 903.1 contains the general sentencing provisions for misdemeanor offenses. *See State v. Frazer,* 402 N.W.2d 446, 447 (Iowa 1987) (holding that section 903.1 provides *generally* for "the discretion a sentencing court must exercise and the options available to it in imposing a sentence for persons convicted of various misdemeanors"). As we have made clear in the past, we read the general sentencing provisions of chapter 903 in *pari materia*—that is, together—with specific sentencing provisions found elsewhere in the code. *State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979).

In *Hildebrand,* we had occasion to apply this principle to a specific sentencing provision found in Iowa Code section 321.281 for a first-offense operating while intoxicated. Section 321.281 provided that a violator "shall be imprisoned in the county jail for not less than two days." Notwithstanding the mandatory "shall" language, we held that the district court had discretion to defer the two day jail sentence. We said:

> Section 321.281 must be read in *pari materia* with section 901.5 ... which

grants trial courts authority to defer judgment, defer sentence, suspend execution of the sentence, impose sentence, or impose and then reconsider sentence.

Various provisions of the Iowa Corrections Code specify offenses and circumstances in which the court cannot apply certain sentencing options. None of these limitations apply to a section 321.281 first violation. In other statutes, the legislature has demonstrated its ability to express its intent to eliminate sentencing options....

It is clear section 321.281 and section 901.5 comprise a legislative plan for sentencing those convicted of the offense involved here. As used in this context, the word "shall" does not require trial court to impose a jail sentence. It means only that if the court's discretionary power to defer judgment, defer sentence, or suspend execution of the sentence is not exercised, defendant must then serve at least two full days in jail.

*Id.* (citations omitted). In short, we concluded nothing in section 321.281 limited the district court's discretionary authority to apply the various section 901.5 sentencing alternatives. *Id.*

Using similar reasoning, we conclude section 901.5(10) and section 124.401 likewise "comprise a legislative plan for sentencing those convicted of the offense involved here." *Id.* We must read the language "In addition to any sentence imposed pursuant to chapter ... 903 (sentencing provision for misdemeanants)" in section 901.5(10) in *pari materia* with the language "a specific penalty ... not provided for" in section 903.1 and with the specific sentencing language in section 124.401(5). When we read all three together, we arrive at the following meaning: The district court must abide by the sentencing provisions in section 124.401(5), and, in addition, the court "shall order the state department of transportation to revoke the defendant's driver's license." Iowa Code § 901.5(10).

■ The language in section 124.401(5), "a sentence imposed pursuant to this section," is limited to the incarceration and fine provisions of section 124.401(5). *See Iowa Dep't of*

*Transp. v. Iowa Dist. Ct.*, 488 N.W.2d 174, 175 (Iowa 1992) (holding that statutory phrase "this chapter" means chapter in which provision appears). The driver's license revocation is not expressly imposed pursuant to section 124.401(5); it is imposed pursuant to section 901.5(10). Thus, imposing the incarceration and fine penalties of section 124.401(5) presents no conflict with imposing the driver's license revocation of section 901.5(10).

This interpretation is in harmony with the language "if the defendant is being sentenced" for a drug offense in section 901.5(10). The "is being sentenced" language includes the incarceration and fine provisions of section 124.401 and the driver's license revocation in section 901.5(10).

■ Concededly, the statutes here leave room for construction. We therefore must apply rules of statutory construction to arrive at legislative intent. *See Frazer*, 402 N.W.2d at 448. One such rule is particularly helpful here: "We should look to the object to be accomplished by the several statutes being interpreted and the evils and mischiefs sought to be remedied, adopting the interpretation that will best effectuate the legislative purpose." *Id.*

Recently, we had occasion to ponder the purposes behind the enactment of section 901.5(10):

> There are a number of possible state interests that the statute advances. The legislature may have concluded that individuals convicted of drug offenses are more likely to cause dangerous conditions on public roads than are other criminal defendants because their drug use actually may impair their driving abilities. Moreover, the legislature may have believed that the statute would cut down on the transportation and trafficking of drugs, and, therefore, the use of drugs . . . .

*State v. Bell*, 572 N.W.2d 910 (1998). Our interpretation clearly furthers these purposes.

Legislative history likewise favors our interpretation. The legislature enacted section 901.5(10) on the heels of our decision in *Dressler v. Iowa Dep't of Transp.*, 542

N.W.2d 563, 566 (Iowa 1996) (holding that Iowa Code section 321.209(8) (codified in 1995) violated federal Double Jeopardy Clause because it mandated administrative revocation of driver's license in a separate proceeding from criminal action). Section 901.5(10) is the legislature's obvious attempt to overcome the unconstitutional "multiple punishment" defect we found in *Dressler.* The legislature simply repealed section 321.209(8) and adopted similar language in section 901.5(10). The change consolidated the criminal sentence for the drug offense and the revocation of the driver's license in a single proceeding thereby avoiding the double jeopardy problem. *See Ohio v. Johnson*, 467 U.S. 493, 497–500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425, 432–34 (1984) (holding that multiple punishments are allowed if imposed in single prosecution and legislature intended such result).

In section 321.209(8), the legislature mandated in clear language that the department of transportation revoke driver's licenses for *all* drug offenses. We think the legislature intended the same thing in section 901.5(10). Under Daniel's interpretation, there would be no driver's license revocation for the most serious drug offenses and some lesser ones. *Compare* Iowa Code § 124.401(1) (providing specific sentences "notwithstanding" or "in addition to" section 902.9), *with id.* § 124.401(2)-(4) (not mentioning specific sentences). His interpretation therefore runs counter to what we believe the legislature actually intended.

For all of these reasons, we conclude the district court did not err when it revoked Daniel's driver's license for 180 days.

**AFFIRMED.**