STATE of Iowa, Appellee,

v.

Duane Russell CONROY, Appellant.

No. 98–1354.

Supreme Court of Iowa.

Jan. 20, 2000.

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, and Nicola J. Martino, County Attorney, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

SNELL, Justice.

Defendant, Duane Russell Conroy, appeals his conviction for reckless use of a firearm in violation of Iowa Code section 724.30 (1995). Defendant claims the State failed to establish an essential element of the offense, and that he received ineffective assistance of counsel. We affirm.

## I. Background Facts and Proceedings

On July 1, 1994, Duane Russell Conroy and two friends whiled away the evening at a Fort Dodge tavern. By all accounts the men drank heavily and continued to do so well after the bar closed. At around 3:00 a.m. defendant suggested a drive in the country. Ostensibly, the purpose of the expedition was to ascertain the whereabouts of Richard Dagit. Dagit had previously been involved in a relationship with Conroy's girlfriend. Conroy was apparently upset with Dagit and "wanted to find out where he lived." Upon arriving at the Dagit abode, Conroy produced a firearm. He then fired a shot through the window of Dagit's truck, which had been parked at the end of a lane overlooking a field.

Conroy was later charged with reckless use of a firearm in violation of Iowa Code section 724.30, and criminal mischief in violation of Iowa Code sections 716.1 and 716.6. Following a jury trial, defendant was found guilty of both offenses. He was sentenced to a term of imprisonment not to exceed two years for reckless use of a firearm, and one year for criminal mischief. The sentences are to be served concurrently.

## II. Arguments

On appeal, Conroy admits to firing a weapon for the purpose of causing damage to Dagit's truck. However, defendant claims the State failed to prove the firearm was discharged in a reckless manner, as is required by Iowa Code section 724.30, which provides:

A person who intentionally discharges a firearm in a reckless manner commits the following:

. . . .

3. An aggravated misdemeanor if property damage occurs without a serious bodily injury occurring.

Conroy asserts the phrase "reckless manner" means conduct done consciously with wilful disregard for the consequences. It is not intentional conduct in the sense that one is motivated to effectuate harm. He attributes injuries caused by reckless behavior to negligent, rather than deliberately malicious, acts. As such, defendant posits that section 724.30 applies to persons who intentionally discharge firearms in a wilful or wanton manner, without regard for the safety of persons or property, *accidentally* occasioning harm to others.

Since the damage to Dagit's truck was induced by design, defendant submits his conduct, while amounting to criminal mischief, was not reckless. Defendant avers the State failed to proffer sufficient evidence to support a conviction for recklessness, and that his attorney should have moved for a judgment of acquittal. Failure to do so, he alleges, constitutes ineffective assistance of counsel.

The State argues that the word "reckless" modifies the manner in which the intentional discharge of a firearm occurs, rather than a person's frame of mind with regard to causing injury. As such, the State maintains the jury had sufficient evidence to conclude that the use of a dangerous weapon, in anger, in the dark, by someone who had consumed large quantities of alcohol, was reckless. Defense counsel was therefore not ineffective for failing to raise the issue.

## III. Analysis

### A. Introduction

Although the defendant presents his appeal as an ineffective assistance of counsel claim, we are essentially being asked to consider the following: (1) Did the district

court err in its interpretation of the word "reckless" as it relates to Iowa Code section 724.30; (2) Is there sufficient evidence to support the defendant's conviction; and (3) Was the defendant prejudiced by his attorney's failure to move for a judgment for acquittal? Owing to our resolution of the first two issues, we need not address the last.

## B. Recklessness

■ A district court's interpretation of a statute is a legal question, so our review is at law. Iowa R.App. P. 4; *Barron v. State Farm Mut. Auto. Ins. Co.*, 540 N.W.2d 423, 424 (Iowa 1995); *State v. Blakley*, 534 N.W.2d 645, 647 (Iowa 1995).

■ Iowa Code section 702.16 defines reckless as the willful or wanton disregard for the safety of persons or property. This is the definition typically employed by our courts in reckless driving and manslaughter proceedings. In those instances, we do not condition guilt on an intent to cause harm. We simply look to whether the actor embarked on an activity which is known, or should be known, to pose a substantial risk to others. *State v. Kernes*, 262 N.W.2d 602, 605 (Iowa 1978).

In *Kernes*, we remarked that a review of words characterizing criminal conduct should reflect as much uniformity and precision as possible. *Id.* at 604–05. However, we also acknowledged that the meanings of such words often depend upon the context in which they are used. *Id.*

Iowa Code section 724.30 proscribes the intentional discharge of a firearm in a reckless manner. "Reckless," as it pertains to section 724.30, modifies the manner in which the intentional discharge of a firearm occurs, not the person's mental state in regard to causing injury. *State v. Haskins*, 573 N.W.2d 39, 48 (Iowa App. 1997). Thus, the statute requires that the discharge of a firearm occasion unreasonable risk to others; intent to injure is irrelevant.

The district court instructed the jury as to the traditional definition of recklessness. We hold that the instruction correctly interpreted section 724.30 as to the law.

## C. Sufficiency of the Evidence

Defendant's claim that there was insufficient evidence to support a conviction rests primarily on his mistaken belief that intentional conduct cannot be reckless, and that the prosecution failed to establish his actions posed a risk of danger to persons or property beyond that posed to Dagit's truck.

■ In reviewing challenges of this nature, we examine the evidence in the light most favorable to the State, and make all reasonable inferences that may fairly be drawn therefrom. *State v. McPhillips*, 580 N.W.2d 748, 753 (Iowa 1998); *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). We consider all the facts, not just those which support the verdict, and will uphold a jury's decision if it is supported by substantial evidence. *State v. Kostman*, 585 N.W.2d 209, 211 (Iowa 1998). Evidence is substantial if a rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *State v. Anderson*, 517 N.W.2d 208, 211 (Iowa 1994).

■ In the case at hand, the jury heard testimony to the effect that defendant was angry with Richard Dagit, that he had been drinking heavily, that he drove out to the Dagit home in the middle of the night, brandished a firearm, and shot out the windows of Dagit's truck. The jury was then left to weigh the evidence in light of the manner in which the weapon was discharged, and the relative distances between the defendant, Dagit's truck, and other structures in the area.

The jury's determination that Conroy's actions were reckless is supported by substantial evidence.

### D. Conclusion

The district court properly instructed the jury on the law in considering whether Conroy violated section 724.30 when he discharged his firearm. The evidence presented by the State met the standard of being substantial evidence to support the jury's verdict. The defendant was lawfully convicted of this crime as charged. Defense counsel's failure to challenge the sufficiency of that evidence or to move for an acquittal based on the definition of "reckless" does not constitute ineffective assistance of counsel. The judgment of the district court is affirmed.

**AFFIRMED.**