# IN THE COURT OF APPEALS OF IOWA

No. 14-2170
Filed August 31, 2016


**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SETH LWISHI,**
Defendant-Appellant.

_____


Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.


Seth Lwishi appeals his convictions for assault on a peace officer and interference with official acts. **AFFIRMED.**


Richard L. Pazdernik Jr. of Pazdernik Law Office, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.


Considered by Vogel, P.J., Potterfield, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Seth Lwishi appeals his convictions for assault on a peace officer and interference with official acts. We affirm.

## I. Background Facts and Proceedings[1]

In August 2014, a uniformed police officer responded in a marked police car to a report of an intoxicated person causing a disturbance. The officer was informed the suspect was a black male wearing a jersey with the number fourteen on it. When the officer arrived, he saw Lwishi, who matched the description of the suspect, with two other men. The officer was able to identify Lwishi when Lwishi, upon request, produced a Republic of Congo identification card.

Lwishi was holding a can of beer in his hand. The officer noticed a strong odor of alcohol was emanating from Lwishi, his eyes were bloodshot and watery, his speech was slurred, and his balance was unsteady. At the officer's request, Lwishi poured out the remaining contents of his beer can.

The police officer asked the other two men what was going on. They indicated Lwishi had stopped them while they were walking from a festival but they were unable to understand what Lwishi wanted from them. The officer then asked Lwishi the same question; Lwishi replied he was hanging out with friends. Lwishi told the officer he had been drinking earlier that day at the same festival.

Because Lwishi was showing all the signs of being intoxicated in public and the officer believed Lwishi would continue to cause problems for other

---

[1] At trial, two police officers testified to the events giving rise to the charges against Lwishi. The defense called no witnesses.

individuals going to and from the festival, the officer informed Lwishi he was arresting him for public intoxication. The officer instructed Lwishi to put his arm behind his back. Lwishi responded, "Sheriff, I do not want to go to jail." The officer repeated his instruction; Lwishi refused to comply. The officer then forcibly put Lwishi's arm behind his back. When asked, Lwishi refused to provide his other arm.

When the officer attempted to grab Lwishi's second arm, he pulled away from the officer, turned to face him, and took an aggressive stance as though he was going to come at the officer. Lwishi yelled at and moved toward the officer. The officer then pushed Lwishi backward toward the patrol car. As the officer pushed Lwishi backward, Lwishi struck the officer in the face with a closed fist. The officer testified he sustained a small cut to his inner lip.[2]

It appeared to the officer that Lwishi was about to come at him again, so he struck Lwishi twice in the face with his open hand. As a result, Lwishi fell backward. The officer instructed Lwishi to stop resisting; Lwishi refused, instead moving toward the officer again.[3] The officer grabbed Lwishi by the back of his head, pulled him to the ground, jumped on top of Lwishi, and gained control.

Once on the ground, the officer instructed Lwishi to place his hands behind his back. Lwishi refused and buried his hands underneath himself toward his belt. The officer was uncertain whether Lwishi had a weapon. The officer attempted to pull Lwishi's arms out from beneath him but was unsuccessful.

---

[2] The record indicates the officer attempted to take a picture of the cut but was unable to capture an image of the cut in the photographs.

[3] At trial, the defense noted this final approach by Lwishi was not recorded in the officer's police report of the incident.

When Lwishi continued to resist, the officer struck Lwishi twice more on the face with an open hand, at which time Lwishi provided his hands.

Another officer then arrived and assisted the first officer in searching Lwishi. The second officer testified she had been "dispatched to a subject that had been harassing some females" at the festival and that, upon her arrival, the first officer informed her Lwishi was being arrested for punching him in the face. Both officers testified that, because Lwishi continued to resist, they had to put Lwishi forcibly into the patrol car.[4] The first officer testified Lwishi yelled both while being put in the car and after being secured. Once at the jail, Lwishi voluntarily exited the vehicle but had to be physically pulled inside the jail by the officers and assisting deputies. The officer testified Lwishi was offered the opportunity to take a breathalyzer test multiple times but Lwishi did not elect to do so.

Lwishi was charged with assault of a peace officer causing bodily injury, in violation of Iowa Code sections 708.1 and 708.3A(4) (2013), and interference with official acts, in violation of section 719.1. At the close of the State's case, Lwishi moved for a judgment of acquittal, which the court denied. On the first charge, the jury found Lwishi guilty of the lesser-included offense of assault on a peace officer. The jury found Lwishi guilty on the second charge. Lwishi appeals, alleging his trial counsel was ineffective, the trial court improperly admitted certain testimony, and there was insufficient evidence to support a finding of assault.

---

[4] Though the patrol car was equipped with cameras, the altercation happened at the side of the patrol car not within the view of the recording equipment.

## II.    Analysis

### A.    Ineffective Assistance of Counsel

Ordinarily, ineffective-assistance-of-counsel claims are preserved for postconviction-relief proceedings.  *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015).  "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge."  *Id.* (quoting *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006)).  "We will resolve the claims on direct appeal only when the record is adequate."  *Id.* (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012)).

On appeal, Lwishi contends his trial counsel was ineffective in failing to allege a justification defense.  Because we have an inadequate record to address what consideration, if any, Lwishi's counsel gave to such a claim, or whether prejudice resulted, we preserve this claim for postconviction-relief proceedings.  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (noting that, where the record is inadequate to resolve a claim on direct appeal, "the court must preserve [an ineffective-assistance-of-counsel claim] for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

### B.    Evidentiary Ruling

Lwishi contends the district court erred in allowing the second responding police officer to testify that, on the day in question, she was "dispatched to a subject that had been harassing some females at the [festival]."  He argues this reference to the alleged harassment of females was irrelevant and should have been excluded under Iowa Rule of Evidence 5.403 as unfairly prejudicial.  *See* Iowa R. Evid. 5.403 ("[R]elevant evidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013) ("We employ a two-part test to decide whether evidence should be excluded under rule 5.403. First, we 'consider the probative value of the evidence.' Second, we balance the probative value 'against the danger of its prejudicial or wrongful effect upon the triers of fact.'" (citations omitted)).

"We review evidentiary rulings for abuse of discretion." *Huston*, 825 N.W.2d at 536. "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Redmond*, 803 N.W.2d 112, 117 (Iowa 2011) (citation omitted). Nevertheless, "[a] trial court's erroneous admission of evidence is only reversed on appeal if 'a substantial right of the party is affected.'" *Id.* at 127 (citation omitted); *see also* Iowa R. Evid. 5.103(a). When the party claims nonconstitutional error, as is the case here, "prejudice occurs when the party has been injuriously affected by the error or has suffered a miscarriage of justice." *Id.* (internal quotation marks, alteration, and citations omitted). Evidence that is unfairly prejudicial "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." *State v. Plaster*, 424 N.W.2d 226, 231 (Iowa 1988) (citation omitted). If the erroneous evidentiary ruling does not cause prejudice, the error is harmless. *Id.*

At issue here is a single reference made by a police officer to the context in which she responded to a dispatch call. Even assuming that statement should have been excluded under rule 5.403, we find any error was harmless.

### C. Sufficiency of the Evidence[5]

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford,* 814 N.W.2d 611, 615 (Iowa 2012). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* (citation omitted). We will uphold a verdict if it is supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

Lwishi claims there was no evidence at trial that he intended to commit an assault. At trial, a police officer testified Lwishi yelled at him, stood aggressively, approached him, and struck him in the face with a closed fist. It is the jury's province to weigh the credibility of the witnesses. *State v. Kostman*, 585 N.W.2d 209, 211 (Iowa 1998) ("Generally, the credibility of witnesses is left to the jury . . . ."). Further, "defendants will ordinarily be viewed as intending the natural and probable consequences that ordinarily follow from their voluntary acts." *State v. Bedard*, 668 N.W.2d 598, 601 (Iowa 2003) (affirming the defendant's conviction for assaulting a peace officer, concluding the defendant's "attempt to

---

[5] The State claims Lwishi failed to preserve error on this claim. We assume, without deciding, that error was preserved.

strike the officer was intended to place the officer in fear of immediate physical contact, which would be painful, injurious, insulting, or offensive"). We find the evidence was sufficient to support the jury's verdict.

**AFFIRMED.**