STATE of Iowa, Appellee,

v.

Curtis Reed CARSTENS, Appellant.

No. 98–246.

Supreme Court of Iowa.

April 28, 1999.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Chris Odell, Assistant Attorney General, and Cynthia Voorde, County Attorney, for appellee.

## PER CURIAM.

The defendant, Curtis Carstens, appeals the imposition of a $5000 fine following his guilty plea to possession of methamphetamine with intent to deliver, as an habitual offender, in violation of Iowa Code sections 124.401(1)(c), 902.8 and 902.9 (1997). Carstens argues section 902.9 authorizes the imposition of fines for only certain classes of felons. He contends no fine is authorized where a defendant is sentenced as an habitual offender. *See* Iowa Code § 902.9(2). We affirm.

Our review of challenges to the legality of a sentence is for errors at law. *State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998). We may correct an illegal sentence at any time. *Id.*

Iowa Code section 902.9 provides in relevant part:

The maximum sentence for any person convicted of a felony shall be that prescribed by statute or, if not prescribed by statute, if other than a class "A" felony shall be determined as follows:

. . . .

2. An habitual offender shall be confined for no more than fifteen years.

Section 902.9 sets forth the general sentencing provisions for felonies, and those general provisions must be read *in pari materia* with specific sentencing provisions found elsewhere in the Code. *See State v. Daniel*, 574 N.W.2d 333, 335 (Iowa 1998); *State v. Hildebrand*, 280 N.W.2d 393, 397 (Iowa 1979).

Carstens pleaded guilty to a violation of Iowa Code section 124.401(1)(c), a class "C" felony. This section contains its own sentencing provision which reads as follows:

Violation of this subsection . . . in addition to the provisions of section 902.9, subsection 3, shall be punished by a fine of not less than one thousand dollars nor more than fifty thousand dollars. . . .

Section 902.9 provides the maximum sentences for felony convictions "shall be that prescribed by statute." Section 124.401(1)(c), by reference to section 902.9(3), sets a maximum confinement of no more than ten years for non-habitual offenders. However, Carstens was found to be an habitual offender; therefore, he was sentenced pursuant to section 902.9(2) which provides that an habitual offender shall be sentenced to no more than fifteen years. *See Sisk*, 577 N.W.2d at 416 (noting the general sentencing provision of section 902.9(2) must be read together with the more specific sentencing provisions of section 124.401(1)(c)). Accordingly, the maximum period of confinement provided by section 124.401(1)(c) for an habitual offender is fifteen years.

Section 124.401(1)(c) specifically provides for a fine "in addition to" the provisions contained in section 902.9(3). By the express language of section 902.9, the mere fact subsection 2 does not identify a fine to be imposed against habitual offenders does not preclude another statute from imposing such a fine. Section 902.9 clearly indicates that notwithstanding its provisions, a fine prescribed by another statute *shall* be controlling. We find the only possible consequence resulting from the absence of a fine provision in section 902.9(2) is that the habitual offender statute does not enhance or otherwise affect a fine already provided for in another statute.

The habitual offender statute does not create a crime, it merely en-

hances punishment. *State v. Smith*, 282 N.W.2d 138, 143 (Iowa 1979). Thus, section 902.9(2) merely enhances the confinement period provided for in section 124.401(1)(c) when an habitual offender is involved. We find section 124.401(1)(c) clearly provides for the imposition of a fine "in addition to" the increased confinement period imposed by the habitual offender statute. It would be contrary to the plain language of section 902.9 to construe it in a manner that would usurp a fine provided for in another statute. Accordingly, we hold section 902.9(2) does not have any effect on a fine imposed for a felony conviction under another statute. We affirm the judgment and sentence imposed by the district court.

**AFFIRMED.**

All justices concur except LAVORATO, J., who takes no part.