# IN THE COURT OF APPEALS OF IOWA

No. 14-0700
Filed November 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AARON MICHAEL HERMEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

Defendant appeals his jail sentence claiming the court abused its discretion and the prosecutor violated the plea agreement. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and R. Blake Norman, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, J.**

Aaron Hermen pled guilty to driving while barred. The State agreed to recommend ten days in jail and the minimum fine and to dismiss the remaining charge of driving while license was denied or revoked. Hermen argued for a seven-day jail term. The court sentenced him to thirty days in jail with a minimum fine. Hermen appeals, claiming the court improperly emphasized his criminal record in reaching its sentencing decision and the State breached the plea agreement by telling the court of his criminal history. We affirm.

We review challenges to the legality of a sentence for errors at law. *State v. Carstens,* 594 N.W.2d 436, 437 (Iowa 1999). In order to be successful on an appeal from a sentence, a defendant must demonstrate an abuse of discretion or a defect in the sentencing procedure by the district court. *State v. Grandberry,* 619 N.W.2d 399, 401 (Iowa 2000). "Sentencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

At the sentencing hearing, the prosecutor recited Hermen's criminal history and recommended a ten-day jail term. Hermen's attorney argued for a seven-day jail term, emphasizing Hermen's employment and family obligations. Hermen explained the circumstances under which he was driving and said, "I don't make a habit out of driving or anything." The court then addressed Hermen:

> Mr. Hermen, the Court is to impose a sentence which it believes will best provide for your rehabilitation, as well as the protection of the community and deterring others from committing similar offenses. And the factors that I take into account are things

such as your age, your prior criminal history, the nature and circumstances of the offense, and anything that I have learned about you during the hearing here today as well as the Minutes of Testimony that in your plea you indicated that I could rely on.

This indicates, to me that you have a very long criminal history. You have six withdrawals in effect on your license or at least did at the time of your offense. So for you to tell me that you don't make a habit of this seems really unlikely. And from what you have told me today you very consciously decided that you were going to drive even though you knew that you shouldn't.

The Court is not going to adopt the recommendations of either of the parties and I'm going to sentence you to serve 30 days in jail, you will be granted work release and you can report tomorrow to accommodate your family circumstances. But, at some point, Mr. Hermen, you need to figure out you can't be in a car driving it; and I'm not sure what's going to do that. The DOT has told you not to drive, I'm sure judges before have told you not to drive, and you still decided that you were going to do it. I will impose the minimum fine of $625.00, plus 35 percent surcharge.

Hermen complains that the court unduly emphasized his criminal record and the six prior times that his licensed had been suspended or revoked. There is little doubt the court placed an emphasis on that history given its close relationship to the nature of the offense to which he pled guilty. It is clear from this record that the court was concerned that the prior penalties faced by Hermen had not been sufficient to rehabilitate him or protect the community from him driving while barred. The court not only considered his current employment and his family circumstances, but made reference to them when it granted work release and an accommodation for time to report to jail. There is no evidence of abuse of discretion.

Hermen also claims the State violated the spirit of the plea agreement by statements the prosecutor made to the court. The State urges that Hermen failed to preserve error on this issue by failing to object at the time of sentencing,

citing *State v. Horness,* N.W.2d 294, 300 (Iowa 1999), and that Hermen has not alleged he received ineffective assistance of counsel at the time of sentencing.

In the interest of judicial economy, we elect to reach the issue. We view the State's candid, straightforward recitation of some of Hermen's criminal history as appropriate support for the recommendation it promised in the plea agreement. If the court knew nothing of Hermen's criminal history, the ten-day sentencing recommendation would have seemed extreme. Further, we note the court file in this case includes Hermen's criminal history information and more than one report of the extensive driving problems and six-year driving bar. On this record, we find the State did not breach the plea agreement.

**AFFIRMED.**