**IN THE COURT OF APPEALS OF IOWA**

No. 14-0432
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHARON LOUISE JENKINS-WELLS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell (plea), Judge, and Carol L. Coppola (sentencing), District Associate Judge.

        A defendant challenges the sentencing order requiring her to pay court costs for dismissed charges.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Sharon Jenkins-Wells appeals her sentence after pleading guilty to theft in the third degree, an aggravated misdemeanor, in violation of Iowa Code section 714.2(3) (2013). She argues the court improperly assigned her court costs from two charges dismissed as a part of her plea agreement. Because the plea agreement expressly provided Jenkins-Wells would be responsible for those court costs, we affirm.

On February 12, 2014, Jenkins-Wells filed a written petition to plead guilty that outlined her plea agreement with the State. In exchange for her guilty plea to theft in the third degree, the State agreed to dismiss a separate aggravated misdemeanor charge and a simple misdemeanor harassment charge. In the written petition, Jenkins-Wells admitted giving checks to Hy-Vee knowing they would not be paid when presented, for merchandise valued at "more than $500 and less than $1000." In the petition, Jenkins-Wells also stated: "I understand and agree to pay full restitution for all charged offenses including any counts or cases dismissed." Jenkins-Wells and her attorney both signed the petition.

At a reported hearing, the district court accepted her guilty plea. The court held a sentencing hearing on March 7, 2014, which was not reported. The written sentencing order assigned the court costs of the two dismissed charges to Jenkins-Wells. Jenkins-Wells now appeals.[1]

---

[1] We reject the State's argument that Jenkins-Wells was required to appeal from the dismissed cases. The assessed court costs of the dismissed cases were included in the sentence for this theft case. We may consider the claim of an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(a).

We review challenges to the legality of a sentence for errors at law. *State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998). The amount of restitution is part of the sentencing order and may be directly appealed. *State v. Janz*, 358 N.W.2d 547, 549 (Iowa 1984). Iowa Code section 910.1(4) identifies court costs as a form of restitution.

A defendant is responsible for court costs associated with the particular charge to which she pleads or is found guilty. Iowa Code § 910.2. But court costs may not be assessed against a defendant for dismissed counts or cases unless the defendant expressly agrees to that assessment as part of a plea agreement. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). In the present case, the written plea agreement included a provision wherein Jenkins-Wells agreed to accept responsibility for the court costs associated with dismissed charges.

At the start of the guilty plea hearing, Jenkins-Wells's counsel told the court "that the plea agreement as stated on the filings that we presented to the Court are accurate and do represent Ms. Jenkins-Wells'[s] wishes for resolving these cases today."

The State then offered its summary of the plea agreement, stating: "It is the State's understanding that in turn for [Jenkins-Wells's guilty plea for theft in the third degree] the State was going to dismiss AGCR270662 with the order of restitution related thereto as well as the SMAC342348 case." It is not clear from the record what the prosecutor meant by "order of restitution"—given that the

aggravated misdemeanor case being dismissed had yet to be adjudicated and therefore no restitution order existed.

On appeal, Jenkins-Wells seizes on the State's summary of the plea agreement during the guilty plea hearing, interpreting the reference to "order of restitution" as a clarification she was not required to pay court costs for the dismissed charges. But Jenkins-Wells's current interpretation is undermined by her own statements at the hearing. After the State's summary of the plea agreement, the district court asked Jenkins-Wells if she had read and understood the petition to plead guilty. She responded "yes." The court then asked if she was in agreement with the plea she was making, and she again answered "yes." Neither she nor her counsel noted any amendment or clarification of the written petition.

We find the State's cryptic statement regarding the dismissal of the "order of restitution" does not invalidate the express provision in the plea agreement signed by Jenkins-Wells that she agreed to pay full restitution for all charged offenses including any counts or cases dismissed. At the plea hearing, both Jenkins-Wells and her attorney confirmed the accuracy of plea agreement as filed in writing. The district court's order accepting the plea and setting sentencing referred to the "signed petition to plead guilty" without any notation that the terms had been revised by the prosecutor's recitation of the plea agreement at the hearing.

On this record, we find Jenkins-Wells expressly agreed to pay court costs for the dismissed cases and did not misunderstand the terms of the plea agreement. Accordingly, the district court's sentencing order was not illegal.

**AFFIRMED.**