# IN THE COURT OF APPEALS OF IOWA

No. 15-0190
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DIONTE WILLIAMS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Marlita A. Greve (guilty plea) and Henry W. Latham II (sentencing), Judges.

A defendant appeals the judgment entered and the sentence imposed on a possession-of-marijuana charge. **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**

Courtney T. Wilson of Gomez May, L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Dionte Williams pled guilty to possession of a controlled substance, marijuana; possession with intent to deliver, cocaine; and driving under suspension while barred as an habitual offender. Williams was sentenced to one year on the possession-of-marijuana charge, two years on the driving-under-suspension charge, and ten years on the possession-with-intent-to-deliver-cocaine charge. All sentences were ordered to run concurrently. Williams was committed to the custody of the Iowa Department of Corrections. Williams has appealed only the plea entered and the sentence imposed on the marijuana-possession charge.

## I. Facts

At the plea hearing, the court advised Williams he could "be put into jail for a period not to exceed six months" on the possession-of-marijuana charge. After the plea was entered, the court sentenced him to one year in jail on that charge. On appeal, Williams claims an illegal sentence was imposed and counsel was ineffective in allowing him to plead guilty without a proper colloquy or information as to the maximum length of a possible sentence on the possession-of-marijuana charge. No motion for arrest of judgment was made.

## II. Error Preservation

Error preservation rules are generally not applicable to an illegal or defective sentence. *State v. Thomas*, 520 N.W.2d 311, 312 (Iowa Ct. App. 1994). An illegal sentence can be corrected at any time. Iowa R. Crim. P. 2.24(5)(a). Claims of ineffective assistance of counsel are also an exception to

the rules regarding error preservation. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## III. Scope of Review

A challenge to the legality of a sentence is reviewed for errors of law. *State v. Carstens*, 594 N.W.2d 436, 437 (Iowa 1999). Ineffective-assistance-of-counsel claims raise constitutional issues and are reviewed de novo. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

## IV. Discussion

Iowa Code section 124.401(5) (2013) provides that it is unlawful for a person to possess a controlled substance, with certain exceptions not applicable here, and "[i]f the controlled substance is marijuana, the punishment shall be by imprisonment in the county jail for not more than six months." The court imposed a sentence of one year of incarceration on the possession-of-marijuana charge. The State concedes this was in error. Because the sentence was ordered to run concurrent with the ten-year sentence for possession with intent to deliver cocaine, the commitment to the director of the Iowa Department of Corrections was appropriate. *See* Iowa Code § 901.7.

Williams contends counsel was ineffective for allowing him to plead guilty without the court having advised him of the maximum sentence that could be imposed.[1] During the plea colloquy, the court specifically advised Williams that he could be jailed "for a period not to exceed six months" on the possession-of-marijuana charge. The court set out the other penalties that could be imposed

---

[1] The State's brief addresses the court's colloquy on the driving-while-barred charge, but the plea to that charge was not raised as an issue by Williams in his brief.

on that charge before asking Williams, "Do you understand the maximum penalties at this time associated with pleading guilty to that charge?" Williams answered, "Yes." Although error was committed in imposing the sentence, the court's plea colloquy properly stated the maximum sentence. Because the court did not err in advising Williams of the maximum sentence on the possession-of-marijuana charge, Williams's counsel was not ineffective for failing to make a meritless claim. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

## V. Disposition

When the plea is valid and only the sentence is illegal, the appropriate remedy is to vacate the illegal sentence and remand for imposition of a correct sentence. *State v. Rudy*, 613 N.W.2d 215, 218 (Iowa 2000). The one-year sentence imposed on the possession-of-marijuana charge is vacated, and we remand for entry of a corrected sentencing order in accordance with this opinion. Otherwise, this matter is affirmed.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**