# IN THE COURT OF APPEALS OF IOWA

No. 15-1060
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAVID WINSLOW DUNHAM,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

        The defendant appeals the denial of his pro se motion to correct an illegal sentence for his conviction of possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7) (2012).  **AFFIRMED.**

        John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant Attorney General, for appellee.

        Considered by Potterfield, P.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**POTTERFIELD, Presiding Judge.**

David Winslow Dunham appeals the denial of his motion to correct an illegal sentence for his conviction of possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7) (2012). The district court sentenced Dunham after a jury trial to an indeterminate thirty-year term of incarceration based on Dunham's stipulations that he was a second or subsequent offender, in violation of Iowa Code section 124.411, and that he was an habitual offender in violation of section 902.8. Dunham's conviction was affirmed by this court in 2015. *See State v. Dunham*, 13-0220, 2015 WL 3613312 (Iowa Ct. App. June 10, 2015). He then requested relief in the district court challenging the sentence imposed and raising other matters. The district court denied his motion. We affirm.

**I. Background Facts and Proceedings.**

Dunham was charged by trial information with possession of methamphetamine with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7). The trial information indicated Dunham was a second or subsequent offender and habitual offender pursuant to Iowa Code sections 124.411 and 902.8, respectively. Pursuant to the second or subsequent offender and habitual offender provisions, and according to the trial information, Dunham was convicted in the United States District Court for the Southern District of Iowa on June 10, 1998, of conspiracy/distribution of a controlled substance, a drug related felony. The trial information also listed March 23, 1983 felony convictions of burglary, theft, and terroristic threats in Leavenworth County, Kansas.

On or around November 26, 2012, the trial information was amended, reducing the charge from a class "B" felony under section 124.401(b)(7) to a class "C" felony under section 124.401(1)(c)(6), as the lab results revealed the seized methamphetamine was fewer than five grams. During an exchange between Dunham, his counsel, and the court, Dunham confirmed that he discussed the second or subsequent offender and habitual offender provisions with counsel:

> THE COURT: The county attorney filed an amended trial information which the Court approved yesterday, November 26, 2012. The amended trial information alleges that the defendant is a second or subsequent offender as well as a habitual offender. Ms. Summers, have you discussed this with your client, Mr. Dunham?
> DEFENSE COUNSEL: Yes, Your Honor, I have. I've talked to David about this, and Mr. Dunham indicates that he would stipulate that he has been convicted of two prior felonies which would enable this to be the habitual offender provision to be enabled and also that this is his second or subsequent drug offense. Is that correct, David?
> DUNHAM: Yes.

Dunham also confirmed he was the individual convicted in the 1998 felony conviction, and an attorney represented him during the proceedings:

> THE COURT: [I]t's alleged in the amended trial information that you are the same David W. Dunham who on June 10, 1998 . . . in the United States District Court for the Southern District of Iowa, case number 4:97CR00111, was convicted of conspiracy/distribution of a controlled substance, which was a felony. Do you understand that's what's alleged
> DUNHAM: Yes.
> THE COURT: And are you willing at this time, then to answer the Court's questions with respect to this?
> DUNHAM: Yes.
> THE COURT: Are you the same David W. Dunham who was convicted as just indicated?
> DUNHAM: Yes, I am.

While on the record, the trial information was amended again, pursuant to statements from the parties, to correct the date and location of the March 23, 1983 convictions of burglary theft, and terroristic threats in Leavenworth County, Kansas, to a 1988 conviction of the same charges in Lyon County, Kansas. Dunham was given an opportunity to resist the amendment; he declined. Dunham then admitted that he was the same person convicted of the 1988 Kansas convictions:

> THE COURT: Do you agree, then, that on March 10, 1988, you were convicted of a felony in the District Court of Kansas, Lyon County, Kansas, the crime being terroristic threats, which was a felony?
> DUNHAM: There was a burglary, theft, and a terroristic threat. It was a plea agreement, Your Honor.
> THE COURT: Right. Did you plead only to the terroristic threats, or do you recall?
> DUNHAM: No. It was a plea agreement. It was all three.
> THE COURT: You pled to all three. Was one of those a felony?
> DUNHAM: They were all considered felonies.
> THE COURT: Do you remember what the sentences would have been?
> DUNHAM: My sentence was two to seven years, and I went to prison on those.

Dunham also confirmed he was represented by counsel in the Kansas conviction.

On November 27, 2012, a jury found Dunham guilty of the possession-with-intent-to-deliver charge pursuant to section 124.401(1)(c)(6), a class "C" felony. On January 9, 2013, the district court sentenced Dunham, looking first to section 902.9(3) to determine the ten year indeterminate sentence prescribed for the violation of section 124.401(1)(c)(6), a class "C" felony. Then, the court looked to section 902.9(3), which provides that an habitual offender shall be

sentenced to no more than fifteen years. The district court next utilized section 124.411(1), which authorizes the court to punish the defendant "for a period not to exceed three times the term otherwise authorized," or forty-five years. Ultimately, the district court sentenced Dunham to an indeterminate thirty-year term of incarceration, two times the fifteen-year habitual offender sentence, although the State argued for the maximum multiplier of three.

On June 10, 2015, a panel of our court affirmed Dunham's conviction after he appealed on grounds that trial counsel failed to conduct an inadequate investigation, object to an amendment to the trial information, file a motion to suppress, and object to evidence on chain-of-custody grounds. *Dunham*, 2015 WL 3613312, at *1. The court held trial counsel did not have a duty to object to evidence on chain-of-custody grounds. *Id.* at *4. The court also held trial counsel did not have a duty to challenge the amended trial information or file a motion to suppress. *Id.* at *2. The court preserved Dunham's claims for post-conviction relief regarding trial counsel's investigation of the case and discovery practice because the record was inadequate to make a determination on the issues. *Id.* at *3–4,

In January 2015, Dunham filed a pro se motion to correct an illegal sentence arguing his sentence amounted to cruel and unusual punishment under article I, section 17 of the Iowa Constitution. In February 2015, Dunham filed an amended pro se motion arguing, in part, the State failed to prove the facts supporting an habitual-offender violation and a second or subsequent offender violation. The State filed a resistance to Dunham's motion. On May 22, 2015, the trial court denied the motion. Dunham appeals.

**II. Standard of Review and Jurisdiction.**

**A. Jurisdiction.**

Dunham filed a notice of appeal on June 16, 2015, to initiate review of the May 22, 2015 district court order denying Dunham's pro se motion to correct an illegal sentence. The proper avenue to review an illegal sentence is through a writ of certiorari. However, we treat Dunham's notice of appeal as "seeking the proper form of review" and we "proceed as though the proper form of review has been requested." *See* Iowa R. App. P. 6.108; *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 (Iowa 2014) ("When an appeal should have been filed as a writ of certiorari, our rules of appellate procedure authorize us to consider the appeal as though it was properly filed as a certiorari action.").

**B. Standard of Review.**

We review challenges to the legality of a sentence for correction of errors at law. *State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998).

We review constitutional challenges to a sentence de novo. *State v. Tripp*, 776 N.W.2d 855, 857 (Iowa 2010).

**III. Discussion.**

Dunham submits two general arguments to this court: (1) the sentence was illegal because of issues surrounding his stipulations to prior convictions—such as he was not afforded an opportunity to admit or deny that he was the individual alleged in the prior offenses; he had a right to a separate jury trial on the issue of identity in the prior convictions; the court had a duty to inform him of this right under Iowa Rule of Criminal Procedure 2.19(9); the State failed to prove his prior convictions; and (2) the sentence was illegal because it violated federal

and state constitutional provisions related to cruel and unusual punishment, equal protection, and double jeopardy.[1]

Normal error-preservation rules do not apply when a sentence is challenged for its illegality; Dunham can challenge the illegality of a sentence at any time. *See* Iowa R. Crim. P. 2.24(5)(a). "[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional." *Bruegger*, 773 N.W.2d at 871. For example, in *State v. Gordon*, the defendant challenged his sentence arguing it was not within the statutory limits since he was not a habitual offender. 732 N.W.2d 41 (Iowa 2007). The court held the sentence was illegal because the trial court utilized two felony convictions that occurred on the same day to enhance the defendant's sentence, which is contrary to the habitual offender provision requiring "each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute." *Id.* at 43 (quoting *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005)). Defendants can also attack an illegal sentence at any time on the basis the sentence amounts to cruel and unusual punishment under state and

---

[1] Dunham raises illegal-seizure, ineffective-assistance-of-counsel, and prosecutorial-misconduct claims in his pro se brief. Dunham cannot use his motion to correct an illegal sentence to attack issues related to the trial. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009); *Kurtz v. State*, 854 N.W.2d 474, 479 (Iowa Ct. App. 2014). Dunham did not raise these issues in the district court, and Dunham can only appeal the legality of his sentence. *See id.* Dunham also fails to cite authority in support of his equal protection argument against his sentence. Arguments that are not supported by authority are deemed waived by the appellant. *See* Iowa R. App. P. 6.903(2)(g)(3). Accordingly, we decline to address the above issues on appeal.

federal constitutional provisions. *See Bruegger*, 773 N.W.2d at 870–71. The purpose of this error-preservation exception is "to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Id.* at 872 (quoting *Hill v. United States*, 368 U.S. 424, 43 (1962)); *see also Kurtz*, 854 N.W.2d at 479.

**A. Sentence Enhancement Proceedings.**

This error preservation exception does not apply to defects in sentencing procedures. *See Tindel v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Procedurally defective sentences—as opposed to illegal sentences—focus on *how* the sentence was imposed rather than the legality of the actual sentence. *See id.*; *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) (holding a sentence is illegal if the habitual-offender statute does not apply or "Is one not permitted by statute"); *State v. Vance*, 15-0070, 2015 WL 4936328, at *1 (Iowa Ct. App. Aug. 19, 2015). Faulty procedures that are not subject to review on appeal of a motion to correct an illegal sentence include claims that the trial court did not satisfy the requirement of rule 2.19(9). *See State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980) (holding a defect in sentencing procedures does not amount to an illegal sentence because "If we were to expand that concept to encompass redress for underlying procedural defects, as well, it would open up a virtual Pandora's box of complaints with no statutorily prescribed procedures for their disposition nor any time limits for their implementation."); *State v. Wilson*, 10-1859, 2011 WL 2556042, at *2 (Iowa Ct. App. June 29, 2011). In *Wilson*, for example, the defendant argued the sentence was illegal "because a record of his prior convictions was not made as required by [rule] 2.19(9)." 2011 WL 2556042,

at *2. The court held, "Wilson does not argue that the sentence imposed was outside the sentence authorized by statute. *The record clearly supports the habitual offender status* and Wilson did not at sentencing, nor does he now deny that he is an habitual offender with three prior felony convictions." *Id.* at *3 (emphasis added). The error preservation exception that applied in *Gordon* did not apply to Wilson because Wilson apparently was a habitual offender under the statute despite the procedural errors; Gordon was not.

During the pendency of this case, the Iowa Supreme Court elaborated on the constitutional requirements in habitual offender enhancement proceedings when a defendant admits to prior convictions. *See generally*, *State v. Harrington*, __N.W.2d __, __, 2017 WL 1291343, at *5–6 (Iowa 2017). In *Harrington*, the defendant challenged on direct appeal the sufficiency of the habitual offender proceedings that led to a sentence enhanced under the habitual offender statute. *Id.* at *1. The defendant claimed that "the habitual offender colloquy failed to show his admission to the prior offenses was made voluntarily and intelligently," and "the colloquy failed to identify evidence to show he was represented by counsel or waived counsel in the cases involving the prior convictions." *Id.* at *2. The court held the district court must not accept an admission to prior convictions without determining the admission was made voluntarily and intelligently through the following steps:

> First, the court must inform the offender of the nature of the habitual offender charge and, if admitted, that it will result in sentencing as a habitual offender for having "twice before been convicted of a felony." *See* Iowa Code § 902.8 (2017). The court must inform the offender that these prior felony convictions are only valid if obtained when the offender was represented by counsel or knowingly and voluntarily waived the right to counsel. *See* Iowa R. Crim. P.

2.19(9). As a part of this process, the court must also make sure a factual basis exists to support the admission to the prior convictions. *See* Iowa R. Crim. P. 2.8(2)(b).

Second, the court must inform the offender of the maximum possible punishment of the habitual offender enhancement, including mandatory minimum punishment. *Id.* In the typical case, the court must ensure the offender understands he or she will be sentenced to a maximum sentence of fifteen years and that he or she must serve three years of the sentence before being eligible for parole. *See* Iowa Code §§ 902.8, .9(1)(c). If the offender faces a greater mandatory minimum punishment or maximum possible punishment due to the present offense charged, the court must inform the offender of the specific sentence he or she will face by admitting the prior offenses. *See In re Yurko*, 519 P.2d at 565 (noting an offender must be informed "of the precise increase in the term or terms which might be imposed"); *State v. Ross*, 729 N.W.2d 806, 812 (Iowa 2007) ("[T]he mandatory minimum sentences prescribed in section 902.12 apply to habitual offenders.").

Third, the court must inform the offender of the trial rights enumerated in Iowa Rule of Criminal Procedure 2.8(2)(b)(4). For the reasons discussed below, the right to a jury in the second trial only pertains to the issue of identity. Any claim by the offender that he or she was not represented by counsel and did not waive counsel in the prior convictions is heard and decided by the district court. Although the offender has no right to a jury trial on these issues, the other rights associated with a trial are applicable at the hearing before the court.

Fourth, the court must inform the offender that no trial will take place by admitting to the prior convictions. The court must also inform the offender that the State is not required to prove the prior convictions were entered with counsel if the offender does not first raise the claim.

*Id.* at *5–6. The court also held that a defendant must file a motion in arrest of judgment to preserve error, but stated this rule would be applied prospectively. *Id.* at *3, *6 ("Finally, we reiterate that the district court must inform the offender that challenges to an admission based on defects in the habitual offender proceedings must be raised in a motion in arrest of judgment. The district court must further instruct that the failure to do so will preclude the right to assert them on appeal. *See* Iowa R. Crim. P. 2.8(2)(d).").

Dunham's case is procedurally distinct from *Harrington* because Dunham challenged the sufficiency of his admissions to prior convictions in a motion to correct an illegal sentence, as opposed to directly appealing alleged errors at the trial level or through post-conviction proceedings.[2] *See Harrington*, 2015 WL 3613312 at *1. Our limited review of Dunham's appeal of a motion to correct an illegal sentence "includes whether 'the [t]he punishment meted out was . . . in excess of that prescribed by the relevant statutes, multiple terms were . . . imposed for the same offense, . . . [or] the terms of the sentence itself [were] legally or constitutionally invalid in any other respect.'" *Bruegger*, 773 N.W.2d at 872 (quoting *Hill v. U.S.*, 368 U.S. 424, 430 (1962)). Dunham's challenge to the district court's procedural omissions surrounding his stipulation to the prior convictions are not challenges to the "the sentence itself." *Id.* Dunham claims procedural error under rule 2.19(9), but he does not suggest the record before the sentencing court was inadequate to support his habitual offender status. *Wilson*, 2011 WL 2556042, at *2. It clearly does; he admitted to the prior felony convictions. Like *Wilson*, Dunham's procedural argument does not amount to an attack on an illegal sentence. Therefore, it is not subject to our review.

This leaves the remaining issue of whether Dunham's sentence was legal. Dunham was found guilty by a jury of possession of a controlled substance with intent to deliver in violation of Iowa Code section 124.401(1)(c)(6). Dunham also stipulated that he was a second or subsequent offender, in violation of section 124.411, and an habitual offender, in violation of section 902.8. The maximum

---

[2] We make no determination whether Dunham's failure to file a motion in arrest of judgment bars review of the procedural deficiencies in the sentencing enhancement proceedings through other appellate avenues, such as post-conviction relief.

sentence for a second or subsequent offender and habitual offender for violation of section 124.401(1)(c)(6) is forty-five years. *See* Iowa Code §§ 124.401(1)(c)(6), 124.411, 902.8, 902.9(3). Dunham was sentenced for a period not to exceed thirty years. The term was within the statutory period for Dunham's conviction. "[T]he exclusion of illegal sentences from the principles of error preservation is limited to those cases in which a trial court has stepped outside the codified boundaries of allowable sentencing." *State v. Hochmuth*, 585 N.W.2d 234, 237 (Iowa 1998). The record supports Dunham's status as habitual offender, and the sentence is within the statutory timeframe.

**B. Constitutional Issues.**

*1. Cruel and Unusual Punishment.* Dunham next claims the sentence is illegal because it amounted to cruel and unusual punishment. Cruel and unusual punishment is prohibited under the Eight Amendment of the United States Constitution and article I, section 17 of the Iowa Constitution.[3] Punishment is cruel and unusual if "it inflicts torture, is otherwise barbaric, or is so excessively severe it is disproportionate to the offense charged." *State v. Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000). "Generally, a sentence that falls within the parameters of a statutorily prescribed penalty does not constitute cruel and unusual punishment." *Id.*

Iowa utilizes a three-step analysis to determine whether a penalty amounts to cruel and unusual punishment. The first step "requires a reviewing

---

[3] When a defendant challenges his sentence under both article 1, section 17 of the Iowa Constitution and the Eighth Amendment of the United States Constitution, we analyze the claim under the "more stringent gross-disproportionality review" available under the Iowa Constitution. *State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012).

court to determine whether a defendant's sentence leads to an inference of gross disproportionality." *Oliver*, 812 N.W.2d 636, 650 (Iowa 2012) (quoting *Bruegger*, 773 N.W.2d at 873). In doing so, we balance the gravity of the crime against the severity of the sentence. *Id.* "If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Id.* (citation omitted). We defer to legislative determinations of punishment, and a sentence crafted within the statutory guidelines is grossly disproportionate only in rare circumstances. *See State v. Musser*, 721 N.W.2d 734, 479 (Iowa 2006).

Dunham was convicted of possession of a controlled substance (methamphetamine) with intent to deliver in violation of section 124.401(1)(c)(6) as a habitual offender and a second drug offender and sentenced for a period not to exceed thirty years, which was authorized by statute. *See* Iowa Code §§ 124.401(1)(c)(6), 124.411, 902.8, 902.9(3). The sentence was fifteen years less than the maximum allowable sentence under the statute. *See id.* Prior to this conviction, Dunham was convicted of a felony drug charge and a felony burglary, theft, and terroristic threats charge. It is a principle under Iowa law that recidivist offenders are "more deserving of a longer sentence than a first-time offender." *Oliver*, 812 N.W.2d at 650. These circumstances fall within the narrow elements of the statutorily proscribed activity. Dunham does not present unique circumstances that can lead to an inference of gross disproportionality, such as "a broadly framed crime, the permissible use of preteen juvenile adjudications as prior convictions to enhance the crime, and a dramatic sentence enhancement for repeat offenders." *See Bruegger*, 773 N.W.2d at 884. Nor can we say Dunham's sentence was a dramatic enhancement; it was fifteen years below the

maximum allowable sentence. *See id.* Because the sentence does not create an inference of gross disproportionality, Dunham's claim fails, and our cruel-and-unusual-punishment analysis ends here. *See Oliver*, 812 N.W.2d at 653.

**2. Double Jeopardy.** Dunham next argues the imposition of a second or subsequent offender enhancement and a habitual offender enhancement amounts to an illegal sentence. In a similar case, the Iowa Supreme Court upheld a district court's sentence for a class "C" felony that was enhanced to fifteen years under the habitual offender provision and an additional three times the authorized sentence under the second or subsequent offender provision. *See Sisk*, 577 N.W.2d at 416. In *Sisk*, the Iowa Supreme Court upheld a forty-five year sentence for the defendant's conviction of delivery of a controlled substance as a second offender and an habitual offender. *Id.* The court held, "[T]he district court properly sentenced defendant by imposing the penalty for an habitual offender under chapter 902 and then enhancing that sentence pursuant to section 124.411(1)." *Id.*

Similarly, the district court enhanced Dunham's punishment under the habitual offender provision, tripled the result under the second or subsequent offender provision, and sentenced Dunham to thirty years, which was fifteen years less than the maximum allowable sentence under the statutory framework. Dunham's sentence was also fifteen years less than the legal sentence in *Sisk*. We find the district court imposed a statutorily and constitutionally permissible sentence and affirm the denial of Dunham's motion to set aside illegal sentence.

**AFFIRMED.**