# IN THE COURT OF APPEALS OF IOWA

No. 17-0270
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TYSON JAMES RUTH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Greene County, Adria A.D. Kester, District Associate Judge.

The defendant challenges his sentence following conviction of theft in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

In an eight-count trial information, the State charged Tyson Ruth with ongoing criminal conduct, two counts of burglary in the third degree, two counts of theft in the second degree, and three counts of possession of controlled substances. To resolve the charges, Ruth and the State entered into a plea agreement. Pursuant to the agreement, Ruth pleaded guilty to one count of theft in the second degree, and the State agreed to dismiss the remaining seven counts of the trial information. The district court accepted Ruth's guilty plea, sentenced Ruth to an indeterminate term of incarceration not to exceed five years, and ordered Ruth to pay court costs. The record is silent on whether the parties had reached an agreement regarding the assessment of court costs associated with the dismissed counts.

On appeal, Ruth contends the portion of the sentence requiring him to pay court costs constitutes an illegal sentence. Our review is for the correction of legal error. *See State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998).

Controlling authority holds the assessment of court costs associated with dismissed counts in a multi-count trial information constitutes an illegal sentence unless the plea agreement provides the defendant shall be taxed costs associated with the dismissed counts. *See State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). The legal justification for the rule has been called into doubt. *See State v. Smith*, No. 15-2194, 2017 WL 108309, at *4–5 (Iowa Ct. App. Jan. 11, 2017) (noting the relevant statutes allow the assessment of costs for dismissed charges in a multi-count trial information, noting *Petrie* is internally inconsistent,

and noting the rule provides little benefit to the criminal defendant). That being said, it is the controlling rule.

Even though *Petrie* is controlling, the defendant must still prove the assessment of court costs constitutes an illegal sentence. In this instance, the record is silent on whether the plea agreement allowed for the assessment of costs associated with dismissed charges. The defendant can prove his sentence was illegal is he can establish he was actually assessed costs solely attributable to the dismissed counts of the trial information. *See State v. Young*, No. 16-0154, 2017 WL 935071, at *4 (Iowa Ct. App. Mar. 8, 2017) ("In *Petrie*, it is clear fees and costs were incurred relative to the dismissed charges."); *State v. Johnson*, 887 N.W.2d 178, 182 (Iowa Ct. App. 2016) ("The fact that some counts were dismissed does not automatically establish that a part of the assessed court costs are attributable to the dismissed counts."). Here, Ruth has not established he was actually assessed costs associated with the dismissed counts. The general docket report shows the court costs as filing fees, court reporter fees, and sheriff's transportation fees, all of which can be reasonably attributed to the offense to which Ruth pleaded guilty. Ruth has failed to prove his sentence is illegal. *See Young*, 2017 WL 935071, at *5.

In a separate pro se filing, Ruth contends his trial counsel was ineffective for withdrawing a motion to suppress against his wishes, failing to raise various grounds for a defense, and failing to defend against a sentencing breach. As a general rule, this court does not often consider ineffective-assistance claims on direct appeal. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct

appeal." *Id.* The record before us is insufficient to resolve Ruth's claims. We preserve the claims for postconviction relief. *See* Iowa Code § 814.7(3) (2017).

For the foregoing reasons, we affirm Ruth's sentence and preserve his pro se claims for postconviction-relief proceedings.

**AFFIRMED.**