**STATE of Iowa, Plaintiff–Appellee,**

v.

**Irvin Harold HALTERMAN, Defendant–Appellant.**

**No. 00–374.**

Court of Appeals of Iowa.

April 11, 2001.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Stephen Holmes, County Attorney, and Angelina Newman, Assistant County Attorney, for appellee.

Considered by HUITINK, P.J., and VOGEL and MAHAN, JJ.

HUITINK, Presiding Judge.

Defendant appeals the fine and sentence imposed following his conviction for sexual abuse in the third degree, as a habitual offender, and indecent contact with a child. He claims the district court imposed an illegal sentence by imposing a fine upon a

habitual offender. He also claims the court failed to exercise discretion in imposing a fine as part of his sentence for indecent contact with a child. We affirm in part and vacate in part.

## I. Background Facts and Proceedings.

Irvin Halterman was charged with sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(b) (1997), and indecent contact with a child, in violation of section 709.12(1). The charges arose due to allegations Halterman, who was sixty-two years old, had sexual contact with a thirteen-year-old friend of his daughter. A jury found him guilty of these charges. The district court determined Halterman was a habitual offender.

The court sentenced Halterman to a term of imprisonment not to exceed fifteen years on the charge of third-degree sexual abuse as a habitual offender. Halterman was sentenced to a term of imprisonment not to exceed two years on the charge of indecent contact with a child. These sentences are to run consecutively. The court ordered Halterman to pay a fine of $500 on each charge. Halterman appeals.

## II. Scope of Review.

■ An illegal sentence may be corrected at any time. *State v. Sisk,* 577 N.W.2d 414, 416 (Iowa 1998). Where the sentence imposed is beyond the court's authority, we review for errors at law. *State v. Morris,* 416 N.W.2d 688, 689 (Iowa 1987).

■ Where a challenged sentence does not fall outside statutory limits, we review the court's sentencing decision for an abuse of discretion. *State v. Cooley,* 587 N.W.2d 752, 754 (Iowa 1998). An abuse of discretion is found only if the court's dis-

cretion has been exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Laffey,* 600 N.W.2d 57, 62 (Iowa 1999).

## III. Fines.

### A. Third–Degree Sexual Abuse.

■ Halterman contends that because he was sentenced as a habitual offender he should not be required to pay a fine. The habitual offender provisions apply to persons convicted of class "C" or class "D" felonies. Iowa Code § 902.8. Sexual abuse in the third degree is a class "C" felony. Iowa Code § 709.4.

■ The habitual offender statute does not create a crime; it merely enhances punishment. *State v. Smith,* 282 N.W.2d 138, 143 (Iowa 1979). Because Halterman is a habitual offender, he was sentenced pursuant to section 902.9(2).[1] Section 902.9(2) does not provide for a fine. Although section 902.9(2) does not identify a fine to be imposed against habitual offenders, it does not preclude another statute from imposing such a fine. *State v. Carstens,* 594 N.W.2d 436, 437 (Iowa 1999) (defendant sentenced as a habitual offender for violating section 124.401(1)(c), which does provide for a fine "in addition to the provisions of section 902.9").

In the present case, section 709.4 does not contain a separate penalty provision. Those found guilty of violating section 709.4 are sentenced pursuant to the general sentencing statute, section 902.9. *See State v. Ayers,* 590 N.W.2d 25, 29 (Iowa 1999) (where a statute does not provide for a specific penalty we must look to general sentencing provisions). Section 902.9(3) provides:

A class "C" felon, *not an habitual offender,* shall be confined for no more

---

1. Iowa Code section 902.9(2) (1997) is now found at section 902.9(3) (2001).

than ten years, and in addition may be sentenced to a fine of at least five hundred dollars but not more than ten thousand dollars.

Iowa Code § 902.9(3) (emphasis added).[2] Thus, in the present case, no separate statute imposed a fine against defendant. We determine the district court imposed a fine not provided for by law. The State agrees the fine was improper. We vacate the fine.

### B. Indecent Contact With a Child.

In addition to the conviction for sexual abuse in the third degree, Halterman was convicted of indecent contact with a child, which is an aggravated misdemeanor. *See* Iowa Code § 709.12. In sentencing defendant on this charge, the district court stated:

> On the charge of Indecent Contact With a Child, an aggravated misdemeanor, that you be sentenced to a term not to exceed two years in prison and fined the minimum five hundred dollar fine and that that sentence shall run consecutive to the charge and sentence on Sexual Abuse in the Third Degree, Habitual Offender.

On appeal, Halterman contends the district court did not exercise its discretion in imposing the "minimum" $500 fine. He asserts the court improperly believed it did not have any discretion in imposing a fine. He points out the fine could have been suspended. *See State v. Ayers,* 590 N.W.2d 25, 31 (Iowa 1999).

When a sentencing court has discretion, it must exercise that discretion. *State v. Finchum,* 364 N.W.2d 222, 225–26 (Iowa 1985). Where a court fails to exercise its discretion because it erroneously believes it has no discretion, a remand for resentencing is required. *State v. Lee,* 561 N.W.2d 353, 354 (Iowa 1997).

We find the district court did not fail to exercise its discretion. There is no indication in the record the court felt the $500 fine was mandatory. Furthermore, there is nothing to show the parties felt the fine was mandatory. The prosecutor stated, "based on the length of time I am recommending for incarceration, I believe that the minimum financial or monetary penalty would be sufficient. . . ." Defense counsel did not mention the fine during argument. Defendant has failed to show the district court did not exercise its discretion in imposing a fine against him.

We affirm Halterman's convictions and the sentence against him for indecent contact with a child. We vacate the fine portion of his sentence for sexual abuse in the third degree, habitual offender.

**AFFIRMED IN PART AND VACATED IN PART.**

---

2. Iowa Code section 902.9(3) (1997) is now found at section 902.9(4) (2001).