# IN THE COURT OF APPEALS OF IOWA

No. 23-2065
Filed February 5, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSEPH STEVEN TYLER HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Mills County, Jennifer Benson Bahr,

Judge.


        A criminal defendant appeals his sentence as a habitual offender.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH**

**DIRECTIONS.**


        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Joseph Harris appeals the sentence entered following his conviction for enticing a minor, a class "D" felony in violation of Iowa Code section 710.10(2) (2023), enhanced as a habitual offender pursuant to section 902.8. He makes two claims: first, that the district court abused its discretion by considering a risk assessment in the presentence investigation report (PSI) when it sentenced him to prison; and second, that the court imposed an unlawful fine. We find the first error unpreserved and accept the State's concession on the second, necessitating we affirm in part, reverse in part, and remand for a corrected sentencing order.

**Risk Assessment.** At a combined sentencing and probation-revocation hearing, Harris's counsel objected to the PSI including a risk assessment because counsel "had intended to make inquiry from" Harris's probation officer. The county attorney offered to make the probation officer available for questioning "within five minutes," and the court instead "note[d] the objection," overruled it, and said "I don't believe that [the probation officer's] testimony is necessary here." But the probation officer did not write the PSI or perform the risk assessment, and Harris's claim on appeal deviates from what he argued below.

In his opening appellate brief, Harris claimed the district court "den[ied him] the opportunity to question the PSI writer." After the State pointed out he had not asked to examine the PSI writer below, Harris conceded in his reply brief that his initial argument mixed up the PSI writer and probation officer. As part of his opening argument, he also claimed the court considering the risk assessment in the PSI violated his "due process rights," despite not making that objection below. Faced with a deficient record, Harris in his reply brief uses outside-the-record

information to assert his probation officer may have received training on risk assessments in fiscal-year 2022 and "could have been questioned" generally about the assessments. But on appeal we cannot consider information from outside the record. *See* Iowa R. App. P. 6.801 (defining the record on appeal). Nor can we entertain a new argument made for the first time in Harris's reply brief. Iowa R. App. P. 6.903(4); *see Blomgren v. City of Ottumwa*, 227 N.W. 823, 824 (Iowa 1929) ("The errors relied upon for reversal set out in appellant's original brief measure its full right of review.").

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And this general principle extends to procedural and constitutional complaints about risk assessments. *See State v. Gordon*, 921 N.W.2d 19, 23–24 (Iowa 2018). Because Harris did not preserve error on questioning the PSI writer (rather than the probation officer) or his due-process complaint, we have no error to review, and we affirm the prison sentence.

**Fine.** Harris also argues he should not have been fined because he was sentenced as a habitual offender. *See State v. Halterman*, 630 N.W.2d 611, 613–14 (Iowa Ct. App. 2001). The State concedes this error. And we accept that concession as supported by the law. *See id.* We therefore vacate the portion of the sentencing order imposing a fine and remand with directions for the district court to enter a corrected sentencing order.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**