# IN THE COURT OF APPEALS OF IOWA

No. 25-0079
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Durojaiye Antonio Lamar Mobe Rosa,**
Defendant–Appellant.

Appeal from the Iowa District Court for Johnson County,
The Honorable Lars. G Anderson, Judge.

**WRIT ANNULLED**

Webb L. Wassmer (argued) of Wassmer Law Office, PLC, Marion, attorney
for appellant.

Brenna Bird, Attorney General, and David Banta (argued), Assistant
Attorney General, attorneys for appellee.

Heard at oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Durojaiye Rosa challenges the imposition of restitution under Iowa Code section 910.3B (2020) after he pleaded guilty to aiding and abetting first-degree robbery, aiding and abetting first-degree burglary, and aiding and abetting voluntary manslaughter. Following our review, we reject his challenges.

Rosa admitted the following facts at his plea hearing. In 2020, Rosa had a falling out with his roommate, Kejuan Winters. Rosa and Reginald Little hatched a plan to rob Winters of his drugs and money. Little told Rosa he would get someone else to do the actual robbery. Little selected Patrick Bland to carry out the robbery. Rosa knew a gun was going to be used. On the day of the robbery, Rosa left the apartment door unlocked to allow Bland to enter the apartment. Rosa saw that Bland had a gun with him when he entered the apartment. There was a scuffle between Bland and Winters, the gun was fired, and Winters was hit. Bland shot Winters several more times. Winters died from his injuries.

For his involvement, the State charged Rosa with murder in the first degree by "aiding and abetting and/or joint criminal conduct" (count I); robbery in the first degree by "aiding and abetting and/or joint criminal conduct" (count II); burglary in the first degree by "aiding and abetting and/or joint criminal conduct" (count III); and voluntary manslaughter with a firearm by "aiding and abetting and/or joint criminal conduct" (count IV). Rosa and the State entered a plea agreement. Pursuant to the agreement, the State dismissed the murder charge and Rosa pleaded guilty to the remaining three counts as an aider and abettor. The district court then imposed judgment and sentence in 2022.

Two years later, the State filed a "statement of pecuniary damages" claiming $150,000 in restitution under Iowa Code section 910.3B(1). Rosa objected to the State's claim. He contended that the State's request was untimely and imposition of the requested restitution would violate his constitutional rights. Because imposition of restitution under section 910.3B(1) is mandatory for certain offenses, the district court treated the court's prior failure to impose the restitution as an illegal sentence that can be corrected at any time and concluded that because Rosa pleaded guilty to aiding and abetting voluntary manslaughter, his constitutional rights would not be violated by imposition of section 910.3B restitution. The court resentenced Rosa and imposed the requested restitution.

Rosa filed a notice of appeal. But he does not have the ability to appeal from the district court's resentencing order as a matter of right. *See* Iowa Code § 814.6(1) (listing when a defendant may appeal as a matter of right). However, because the district court treated the State's "statement of pecuniary damages" as a motion to correct an illegal sentence, Rosa may seek appellate review of the resulting order via a petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107. *See State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017) (holding "that appeals from a motion to correct an illegal sentence are most appropriately fashioned" as a petition for writ of certiorari). And Iowa Rule of Appellate Procedure 6.151(1) allows us to "proceed as though the proper form of review ha[s] been requested." So, we consider Rosa's notice of appeal and appellate brief as a petition for writ of certiorari, grant the writ, and proceed to the merits. "We review illegal-sentence challenges, questions of statutory interpretation, and original certiorari actions for correction of errors at law." *Anderson v. Iowa Dist. Ct.*, 989 N.W.2d 179, 181 (Iowa 2023).

First, Rosa argues that restitution under section 910.3B could not be imposed because the State's claim was filed too late. To support his argument, Rosa relies on section 910.3(5), which requires the amount of pecuniary damages to be determined within thirty days after sentencing or "within a reasonable time after the prosecuting attorney is notified by a victim of any pecuniary damages incurred." But Rosa's argument disregards section 910.3B(1), which states:

> In all criminal cases in which the offender is convicted of a felony in which the act or acts committed by the offender cause the death of another person, . . . the court shall . . . order the offender to pay at least one hundred fifty thousand dollars in restitution.

From the use of "shall" in section 910.3B, imposition of this type of restitution is mandatory when applicable. So, the district court must impose it when the defendant has been convicted of a felony in which the defendant's conduct caused the death of another person. A conviction for voluntary manslaughter is such a conviction. Iowa Code § 707.4(1) ("A person commits voluntary manslaughter when that person causes the death of another person . . . ."). In other words, it is a compulsory portion of the sentence to be imposed. So when the district court failed to impose restitution pursuant to section 910.3B in its sentencing order in 2022, it imposed an illegal sentence. And "[a]n illegal sentence may be corrected at any time." *State v. Halterman*, 630 N.W.2d 611, 613 (Iowa 2001). Thus, any time limitation generally imposed by section 910.3(5) does not matter in this instance, and the court was free to correct the illegal sentence in 2024 by imposing the statutorily required restitution.

Second, Rosa argues that section 910.3B does not apply to him because his "acts did not cause Mr. Winters' death." Citing *State v. Davison*, he contends that imposing section 910.3B restitution without a jury finding that

his actions caused Winters' death violates his Sixth Amendment rights. 973 N.W.2d 276 (Iowa 2006). But he misreads *Davison* and misunderstands its applicability to his case. In *Davison*, the defendant was charged with murder and conspiracy to commit murder. *Id.* at 279. The jury found him guilty of conspiracy to commit murder, but with respect to the murder charge, the jury only found him guilty of the lesser offense of assault causing serious injury. *Id.* The district court ordered the defendant to pay $150,000 in restitution pursuant to section 910.3B. *Id.* at 280. On appeal, our supreme court concluded that imposition of restitution under section 910.3B is punitive and the Sixth Amendment to the United States Constitution prohibits imposition of such restitution without a finding that the defendant caused the victim's death. *Id.* at 287–88. Because the marshaling instructions for the offenses for which the defendant was convicted did not include an element requiring the jury to find that the defendant caused the victim's death, imposition of restitution under section 910.3B violated the Sixth Amendment. *Id.* at 288.

Rosa contends that *Davison* applies to his situation and requires a jury first find that he "directly cause[d]" Winters' death—in other words, that he was the person who pulled the trigger—before restitution under section 910.3B can be imposed. But we disagree with Rosa's interpretation of *Davison*, as we see nothing in *Davison* that supports that contention. The logic of *Davison* is that the court cannot impose a punishment that is subject to a condition precedent absent a finding that that condition precedent was met. Here, that condition is doing an act that causes the death of another. *See* Iowa Code § 910.3B(1). Rosa pleaded guilty to aiding and abetting voluntary manslaughter. By definition, voluntary manslaughter requires an act causing the death of another person, as the statute defines the offense as follows:

> A person commits voluntary manslaughter when that person causes the death of another person, under circumstances which would otherwise be murder, if the person causing the death acts solely as the result of sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a person and there is not an interval between the provocation and the killing in which a person of ordinary reason and temperament would regain control and suppress the impulse to kill.

Iowa Code § 707.4(1). The fact that the offense to which Rosa pleaded guilty requires a finding that he caused the death of another distinguishes this case from *Davison*.[1] And Rosa does not challenge the factual basis supporting his conviction for voluntary manslaughter, which necessarily includes a finding that he caused the death of another. Nor does it matter that Rosa pleaded guilty to this offense as an aider and abettor. That is because aiders and abettors are "charged, tried and punished as principals." *Id.* § 703.1; *accord State v. El-Amin*, 952 N.W.2d 134, 139 (Iowa 2020) (recognizing that an aider and abettor is equally culpable as a principal).

To the extent Rosa argues that section 910.3B restitution is not necessary because it does not apply to all crimes resulting in death, he again misses the mark. He draws our attention to *State v. Izzolena*, 609 N.W.2d 541, 550 (Iowa 2000), which clarifies that section 910.3B restitution only applies to felonious acts resulting in death. Voluntary manslaughter is a class "C" felony. Iowa Code § 707.4(2). And *Izzolena* explains that section 910.3B restitution is only imposed when the offender "has demonstrated a willful

---

[1] Supporting our conclusion that *Davison* does not help Rosa is the fact that, in *Davison*, the supreme court noted that the outcome would have been different if Davison had been found guilty of manslaughter when it noted, "Significantly, neither of [the crimes of which the jury found Davison guilty]—unlike the murder and lesser-included manslaughter offenses of which Davison was acquitted—required the jury to find that Davison had caused [the victim]'s death." 973 N.W.2d at 280.

and wanton disregard for the rights of others." 609 N.W.2d at 550. A defendant guilty of voluntary manslaughter qualifies as such an offender. So rather than helping Rosa's cause, *Izzolena* actually supports the imposition of section 910.3B restitution in this instance. Again, to the extent that Rosa attempts to distinguish his culpability from the principal actor's because he pleaded guilty to aiding and abetting, our law does not differentiate between the two. *See* Iowa Code § 703.1; *accord El-Amin*, 952 N.W.2d at 139.

We conclude that the district court did not err in imposing section 910.3B restitution because it was a necessary component of Rosa's conviction for aiding and abetting voluntary manslaughter. Doing so corrected an illegal sentence, which the court was free to do at any time. Rosa cannot establish that the district court acted illegally by imposing section 910.3B restitution. So we annul the writ.

**WRIT ANNULLED.**